The Honorable N.B. "Nap" Murphy State Representative South Main Street Hamburg, AR 71646
Dear Representative Murphy:
This is in response to your request for an opinion on several questions involving a local school district budget matter. You have attached portions of the Hamburg School Board's budget policy, and have asked the following specific questions:
 1. In light of the Board policy DCI, providing that the "Board of Education shall retain control of the budget," as well as other policies and state law, does the School Board have the authority to delegate to the superintendent or other administrative officials the right to make changes in the budget, when those changes are not specifically approved by the School Board?
 2. If the School Board does have the authority to delegate that responsibility and power, can that delegation be accomplished solely by implication, based upon previously allowing the superintendent to exceed the budget without objection by the Board, or would specific authorization by a vote of the Board be required?
 3. Can the superintendent of schools, or other administrators, either with specific authority voted by the board or through implied authority by failure to object to previous instances, exceed a line item in the budget for a particular department or category, even if the overall spending budget for that department or category was not exceeded? For example, if the School Board budgeted $10.00 for books for kindergarten and $10.00 for capital expenses for kindergarten, would it be proper to spend $15.00 for books and only $5.00 for capital expenses, without approval of the change by the Board of Directors?
It must be initially noted in addressing your questions that while state law requires each school district to file a "budget of expenditures and receipts" with the Department of Education by August 28 of each year (A.C.A. § 6-17-914), the actual administration of the budget falls within the powers and duties of the local board. See generally A.C.A. § 6-13-620 (Cum. Supp. 1991). There are, of course, certain requirements and limitations that the district must be aware of in connection with the administration of its financial affairs.[1] It appears, however, that the district's policy will generally govern such matters as changes in the budget.
It is thus apparent that the resolution of your specific questions requires interpretation of the Hamburg School District's budget policy. There is, in other words, no general state law dictating how the district administers its budget.[2] While I can offer general comments based upon a review of the language employed in the policy statements, I lack the resources or the authority to act as a factfinder in determining the local board's intent. I suggest, therefore, that these questions also be submitted to the district's legal counsel.
With regard to your first question involving delegation of authority to the superintendent or other administrative officials, a review of the submitted policy statements indicates that the Board intends for changes in the budget to be made with Board approval. The "Periodic Budget Reconciliation" policy states that the Superintendent is authorized to "reconcile and/or to recommend changes in the budget. . . ." With regard to line items in the budget, the "Line Item Transfer Authority" provision states that line items "may be changed upon the approval of the Board of Education or its representatives at any time during the fiscal year. . . ."[3] This language may be cited for the proposition that the Board does not intend to invest the Superintendent with independent authority to make changes in the budget.
It is unclear, however, in my opinion, whether the changes must be "specifically approved." The policy statements that were submitted with your request do not specify a procedure for the Board's review of recommended budget changes or line item changes. The policy is, in my opinion, ambiguous in this regard, perhaps suggesting the need for clarification.
Your second question also focuses on the issue of delegation of authority. As noted above, while the policy appears to envision Board approval of budget changes,[4] it is unclear how this approval is to be obtained. One might contend, in the absence of a clearer policy statement, that approval may be implied. In any event, I can discern no requirement that specific authorization be obtained by a vote of the Board.
In response to your third question, the "Line Item Transfer Authority" policy states that:
 [l]ine items in the budget may be changed upon the approval of the Board of Education or its representatives at any time during the fiscal year provided that any revision of the budget does not cause estimated expenditures to exceed estimated income or actual reserve and such changes are consistent with state law.
It therefore seems clear that Board approval of line-item changes is necessary. The policy does not, however, appear to eliminate the possibility that this approval may be implied.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
[1] See, e.g., A.C.A. § 6-13-620(10) (Cum. Supp. 1991) (regarding payment for supplies and services); 6-17-905, -908 and -909 (teachers' salaries); § 6-17-912 (advances from one fund to another); and § 6-17-907(k) (transfers from operating fund to teachers' salary fund).
[2] As previously noted, a specific state law requirement or limitation may be applicable, depending upon the particular budget change in question. Because I have not been provided with specific facts in this regard, however, my comments must necessarily be limited in scope.
[3] I assume that the reference throughout the policy statements to the "Board of Education" is intended to signify the board of directors of the school district.
[4] Although your question makes reference to the authority to "exceed the budget," I assume that this does not include any budget change that would cause expenditures to exceed receipts.